**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **WILLIE L. STARTS, JR.,** | § | **CIVIL ACTION NO.** |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **6:14-CV-00064** |
| | § | |
| **MARS CHOCOLATE NORTH** | § | |
| **AMERICA, LLC** | § | |
| **Defendant.** | § | |

**ORIGINAL COMPLAINT**
**AND JURY DEMAND**

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** Willie L. Starts, Jr., hereinafter called Plaintiff, complaining of and about MARS CHOCOLATE NORTH AMERICA, LLC, hereinafter called Defendant "MARS," and for cause of action shows unto the Court the following:

**PARTIES AND SERVICE**

1.     Plaintiff Willie L. Starts, Jr., is a citizen of the United States and the State of Texas and resides in McLennan County, Texas.

2.     Defendant MARS CHOCOLATE NORTH AMERICA, LLC, prior name, MARS SNACK FOOD USA, may be served by serving its registered agent for service of process, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, TX 75201-3136.

**JURISDICTION**

3.     The action arises under 42 U.S.C Section 12117(a) as hereinafter more fully appears.

4.     Venue is proper in the U.S. District Court for the Western District of Texas, Waco Division because the unlawful practices alleged below were committed therein.

1

**NATURE OF ACTION**

5.      This is an action under Title 42 U.S.C. Section 12101 et. seq. to correct unlawful employment practices on the basis of disability.

**CONDITIONS PRECEDENT**

6.      All conditions precedent to jurisdiction have occurred or been complied with:  a charge of discrimination was filed with the Equal Employment Opportunity Commission within three-hundred days of the acts complained of herein and Plaintiff's Complaint is filed within ninety days of Plaintiff's receipt of the Equal Employment Opportunity Commission's issuance of a right to sue letter.

**FACTS**

7.      Plaintiff worked as a Maintenance Worker (Team Member) for Defendant since May 19, 1997.  Plaintiff suffered a work-related severe back injury in February 2012.

8.      Plaintiff openly discussed the fact that he was in severe chronic back pain due his injury. This fact was well known among Defendant's staff including but not limited to his supervisors Larry Todd, Michael Thompson and Jason Aryes. Plaintiff complained constantly of his pain and also expressed that he did not feel that he was receiving adequate care under his current treatment provided through worker's compensation.

9.      As a result of that injury, the Plaintiff received worker's compensation benefits and took leave under the Family Medical Leave Act.  On March 6, 2013 the Petitioner's doctor released him to return to work with certain restrictions.

10.      Plaintiff was still in severe pain and made his supervisors and the Medical Staff at Mars Chocolate North America, LLC, aware of the situation.

11.      Plaintiff also requested that he be treated under the medical insurance plan

provided to employees as part of his benefit's package with Defendant.   At that time, the employer warned the Plaintiff that, if he went home early from work due to back pain, he would be terminated.

12.     On March 11, 2013, Plaintiff suffered from extreme back pain while at work. Plaintiff's supervisor instructed him to go home and take some medication for the pain.  The pain medication did not allow the Plaintiff to return to work.  Plaintiff's supervisor also informed him not to return to work until the employer contacted him.  On March 22, 2013, the Defendant contacted the Plaintiff and terminated his employment.

13.     The Defendant claimed its reason for terminating Plaintiff's employment was leaving work voluntarily without good cause connected with the work.  In fact, Plaintiff left the place of his employment on March 11, 2013 at his employer's request and direction.

## AMERICANS WITH DISABILITY ACT

14.     Plaintiff is an employee within the meaning of the Americans with Disabilities Act (ADA).

15.     Defendant is an employer within the meaning of the ADA.

16.     Plaintiff is a qualified individual with a disability as defined by the ADA. Plaintiff is otherwise qualified to perform the essential functions of his job.

17.     Plaintiff has been diagnosed with and suffers from chronic back pain, which is a disability as provided under the ADA.

18.     Defendant intentionally engaged in unlawful employment practices involving Plaintiff because of his disability.

19.     Defendant intentionally discriminated against Plaintiff in connection with the compensation, terms, conditions and privileges of employment in violation of 42 U.S.C. Section

12112. The effect of these practices has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect his status as an employee.

20.     At all material times, Plaintiff was able to perform the essential functions of his position with accommodation.  Plaintiff has a disability which substantially limits at least one major life activity.  Plaintiff was discriminated against on the basis of his disability.

21.     Plaintiff alleges that Defendant discriminated against Plaintiff on the basis of disability to the protected rights of Plaintiff both in terms of failing to make reasonable non-exclusive accommodations and in termination because of his disability.

22.     As a direct and proximate result of Defendant's conduct, Plaintiff suffered damages. Defendant's conduct was willful and justifies an award of damages as alleged herein.

### ATTORNEY FEES

23.     Plaintiff was forced to engage counsel to protect her rights. Plaintiff is entitled to an award of attorney's fees and costs (including but not limited to an award of reasonable expert witness fees), both trial and appellate, under the ADA, 42 U.S.C. §12205.

### DAMAGES

24.     Plaintiff sustained the following damages as a result of the actions and/or omissions of Defendant described hereinabove:

a.     All reasonable and necessary Attorney's fees incurred by or on behalf of Plaintiff;

b.     Back pay from the date that Plaintiff was denied equal pay for equal work and interest on the back pay in an amount to compensate Plaintiff as the Court deems equitable and just;

c.     All reasonable and necessary costs incurred in pursuit of this suit;

4

    d.        Expert fees as the Court deems appropriate;

    e.        Front pay in an amount the Court deems equitable and just to make Plaintiff whole;

    f.        Interest;

    g.        Mental anguish in the past;

    h.        Mental anguish in the future;

    i.        Reasonable and necessary medical care and expenses in the past;

    j.        Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

    k.        Loss of earnings in the past;

    l.        Loss of earning capacity which will, in all probability, be incurred in the future; and

    m.        Loss of benefits.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages; any exemplary damages, together with interest as allowed by law; costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

LAW OFFICE OF RICK GUZMAN, P.C.
2201 Double Creek Dr., Suite 5001
Round Rock, Texas 78664
(512) 388-7800
(512) 388-7801 (fax)

_____
Rick Guzman
State Bar No.  08654670
ATTORNEY FOR PLAINTIFF

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**

EEOC Form 161-B (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

# NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To:   **Willie L. Starts, Jr.**
  104 Hassie Ln
  Waco, TX 76705

From:   **Dallas District Office**
  207 S. Houston St.
  3rd Floor
  Dallas, TX 75202

[ ]   *On behalf of person(s) aggrieved whose identity is*
  *CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 450-2013-03902 | **Jeffrey H. Zelmanow,**<br>**Deputy Director** | **(214) 253-2852** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[ ]   More than 180 days have passed since the filing of this charge.

[X]   Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X]   The EEOC is terminating its processing of this charge.

[ ]   The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ]   The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ]   The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Lillie Wilson for*
  12/12/13

Enclosures(s)

**Janet V. Elizondo,**
**District Director**

*(Date Mailed)*

cc:

**MARS SNACK FOOD US**
1001 Texas Central Pkwy
Waco, TX 76712

William A. James
**LAW OFFICE OF WILLAM A. JAMES PLLC**
2201 Double Creek Dr.
Suite 5001
Round Rock, TX 78664

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
WILLIE L. STARTS, JR.

**DEFENDANTS**
~~MARS SNACK FOOD US~~

MARS CHOCOLATE NORTH AMERICA, LLC

**(b)** County of Residence of First Listed Plaintiff    McLennan
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    McLennan
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Rick Guzman      2201 Double Creek, #5001
Law Office of Rick Guzman, P.C.   Round Rock, TX 78664
512-388-7800

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1   U.S. Government Plaintiff
- ☒ 3   Federal Question    *(U.S. Government Not a Party)*
- ☐ 2   U.S. Government Defendant
- ☐ 4   Diversity    *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | 28 USC 157 | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 340 Marine ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 720 Labor/Management | ☐ 862 Black Lung (923) | Exchange |
| ☐ 195 Contract Product Liability | Product Liability | ☐ 380 Other Personal | Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 360 Other Personal Injury | Property Damage | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation ☐ 791 Employee Retirement | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | Income Security Act | ☐ 870 Taxes (U.S. Plaintiff | ☐ 899 Administrative Procedure |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | or Defendant) | Act/Review or Appeal of |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party | Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | 26 USC 7609 | ☐ 950 Constitutionality of |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | | State Statutes |
| ☐ 290 All Other Real Property | ☒ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty **Other:** | **IMMIGRATION** | | |
| | ☐ 446 Amer. w/Disabilities - Other | ☐ 540 Mandamus & Other ☐ 550 Civil Rights | ☐ 462 Naturalization Application ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education | ☐ 555 Prison Condition ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 USC 12117(a)
Brief description of cause:
employment discrimination

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
**JURY DEMAND:**    ☒ Yes    ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____    DOCKET NUMBER _____

DATE
03/12/2014

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)**   **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  **(b)**   **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  **(c)**   **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**   **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked**.**  (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

**III.**   **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.**   **Nature of Suit.**  Place an "X" in the appropriate box.  If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit.  If the cause fits more than one nature of suit, select the most definitive.

**V.**   **Origin.**  Place an "X" in one of the six boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.  When the petition for removal is granted, check this box.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.  When this box is checked, do not check (5) above.

**VI.**   **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.**   **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**   **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.